UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNDA M. JRAB,<br><br>    Plaintiff,<br><br>v.<br><br>UNIFIN, INC.,<br><br>    Defendant. | Case No. 1:20-cv-07090 |

## COMPLAINT

**NOW COMES** Plaintiff, LYNDA M. JRAB, through undersigned counsel, complaining of Defendant, UNIFIN, INC., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. LYNDA M. JRAB ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 718 North Briar Hill Drive, Apartment 1, Addison, Illinois 60101.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. UNIFIN, INC. ("Defendant") is a corporation organized and existing under the laws of the state of Illinois.

7. Defendant maintains a principal place of business at 5996 West Touhy Avenue, Suite 2000, Niles, Illinois 60714.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a Credit One Bank, N.A. credit card account.

11. Upon approval, Credit One Bank, N.A. issued Plaintiff a credit card.

12. Plaintiff activated this card and began using her card for personal and household purchases.

13. Over time, Plaintiff made $701.88 in charges to this card.

14. Plaintiff's $701.88 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $701.88 balance was charged-off and assigned, sold, or transferred to LVNV Funding LLC.

16. Soon thereafter, Plaintiff's $701.88 balance was referred for collection.

17. Defendant mailed Plaintiff a letter, dated November 5, 2020 (the "Letter"), which stated:

| ACCOUNT SUMMARY | |
|---|---|
| **Unifin Reference #:** | 0027377730 |
| **Debt Description:** | CREDIT ONE BANK, N.A. |
| **Original Account #:** | ************4500 |
| **Original Creditor:** | CREDIT ONE BANK, N.A. |
| **Current Creditor:** | LVNV FUNDING LLC |
| **Client Reference #:** | 70120495 |
| **Amount Due:** | $701.88 |

Dear Lynda M. Jrab:

---

[1] Unifin, Inc. is a full service BPO and Accounts Receivable Management firm licensed and bonded nationally…. We are a debt collection agency that works with both consumer & client, meaning Unifin is actively working on solving problems, not creating them. https://unifininc.com/about (last accessed December 1, 2020)

The past due account has been referred to our agency for collection. **This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

| 1 payment of $596.60 towards a discounted offer | 3 monthly payments of $222.26 towards a discounted offer | 12 monthly payments towards the balance in full |
|---|---|---|

To take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from November 5, 2020.

Sincerely,
Unifin Inc. Management

18. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The Letter provides three payment arrangements, two of which offer discounts varying from 5% to 15% off the $701.88 balance.

20. The Letter indicated "[t]o take advantage of the discounted offer(s), please have payment (or first payment) in our office within 45 days from November 5, 2020."

21. The Letter *did not* say "[w]e are not obligated to renew any offers provided."

22. Without this phrase, the Letter's time-sensitive deadline only amplified and emphasized Defendant's message that Defendant's offers were truly time bound.

23. On information and belief, however, Defendant's offer was not limited to just 45 days; and was likely to be "re-extended" to Plaintiff in the future.

24. The Letter's offers are in the idiom of limited-time or one-time sale offers, clearance sales, going-out-of-business sales, and other temporary discounts – creating false sense of urgency and seeking to pressure Plaintiff into accepting Defendant's offer(s) as quickly as possible – in fear that she'd have no further chance to settle her debt for less than the full balance.

## **DAMAGES**

25. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

26. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

27. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

28. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

29. But being misled in violation of an anti-trickery statute like the FDCPA is a concrete harm, nevertheless. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

30. The Letter deceived Plaintiff into believing, *inter alia*, that once 45 days passed, she would lose the ability to satisfy her account for less than the amount owed

31. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

32. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### **Violation(s) of 15 U.S.C. § 1692e**

33. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

>    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. Defendant violated 15 U.S.C. §§ 1692e and e(10) by using language that implied that Plaintiff only had a limited time to take advantage of Defendant's settlement offer(s), when, in fact, Defendant was likely to continue to renew their offer, and would certainly be pleased to collect Plaintiff's payment at any time.

35. Defendant's deliberate language reinforced the idea that if Plaintiff did not act immediately, she may lose the opportunity to do so forever.

36. Plaintiff believed that if she did not pay by the deadline, then she would have no future chance to settle her debt for less than the amount owed.

37. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to

comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

 (1) any actual damage sustained by such person as a result of such failure;

 (2)

  (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

 (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

 A. a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

 B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

 C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

 D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

 E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 1, 2020　　　　　　　　　Respectfully submitted,

**LYNDA M. JRAB**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com